STATE ex POPOVICI v. AGLER, et

Ohio Supreme Court

No. 21357. Decided Dec. 26, 1928.

MARSHALL, C. J..

**DIVORCE & ALIMONY.**

(230 Dc) Inasmuch as the federal courts have disclaimed altogether any jurisdiction upon the subject of divorce or for the allowance of alimony either as an original proceeding in chancery or as an incident to a divorce, prohibition will not lie to prevent the courts of this state which have jurisdiction of the subject-matter of divorce and alimony, from hearing and determining a suit for divorce or alimony or both against a consular representative accredited by a foreign government of the United States and recognized and accepted by the government of the United States, who is stationed in the state of Ohio.

Day, Allen, Kinkade, Robinson, Jones, and Matthias, JJ.., concur.

WRIGHT v. CLARK, et.

Ohio Supreme Court.

No. 21080. Decided Dec. 19, 1928.

MARSHALL, C. J.

**OFFICE & OFFICERS.**

(400 E) The engineer of a city or village is an officer within the meaning and intent of **Section 3808, General Code,** and therefore inhibited from becoming interested in the expenditures of money of the corporation other than payment of his fixed compensation.

**Sections 4364 and 4366, General Code,** create the office of engineer of a municipality and define the powers and duties of of such office.

**MUNICIPAL CORPORATIONS.**

(360 S2) Neither fraud, nor conspiracy, nor unreasonable profits, are necessary for recovery of money from an officer of a city or village, under the provisions of **Section 3808, General Code.**

Day, Allen, Kinkade and Jones, JJ., concur.

DUNCAN v. STATE ex WILLIAMS

Ohio Supreme Court.

No. 21391. Decided Dec. 19, 1928.

MARSHALL, C. J.

**ERROR PROCEEDINGS.**

(260 S) Where a court of appeals certifies a cause to this court for review and final determination upon its finding that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, as provided by **Section 6, Article 4, of the Constitution,** the cause must be filed in this court within seventy days from the entry of judgment in the court of appeals, as provided by Section 12270 General Code.

**ACTIONS.**

(10 B2) A bastardy proceeding is subject to the procedure provided in the code of civil procedure and a judgment rendered in such a proceeding can only be reviewed if an error proceeding is filed within seventy days from the date of the entry of judgment in the court from which such error proceeding is prosecuted.

Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

SOUL, Rec'r etc. v. LOCKHART

BELLAR v. SOUL Rec'r etc.

Ohio Supreme Court.

Nos. 20992 & 21046. Decided Dec. 19, 1928.

No.. 20992

No. 21046

JONES, J.

**COURTS.**

(180 Jj) The only original, civil jurisdiction conferred upon the Cleveland Municipal Court is that found in **Section 1579-6, General Code.** The sections following are merely supplementary or ancillary thereto, having for their object the conservation and enforcement of its original jurisdiction, conferred by the foregoing section.

(180 R) **Section 1579-11, General Code,** is confined to the municipal court's supplementary or ancillary jurisdiction, including its power to appoint a special receiver before and after judgment, to carry its judgments into effect. This section does not authorize the appointment, by the municipal court, of a general receiver under the ordinary "usages of equity." (**Section 11894, par. 6, General Code).**

The order of appointment in the instant cases, as shown by the court's entry, was simply an order appointing a special receiver for the corporate assets for the purpose of applying the same "towards the satisfaction" of the judgments.

Day, Allen, Kinkade and Matthias, JJ., concur.